**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

SERGIO MAXIMILIANO, *on behalf of himself*
*and all others similarly situated,*

      Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC
*a Delaware Limited Liability Company,*

      Defendant.

_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

1.      On behalf of himself and the putative class, Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3.      Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

4.      Plaintiff, Sergio Maximiliano ("Plaintiff"), is a natural person, and a resident of the State of Florida, residing in Palm Beach County, Florida.

5.      Defendant, Portfolio Recovery Associates, LLC ("Defendant"), is a Delaware Limited Liability Company engaged in the business of collecting consumer debts, which operates from offices located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

1

6.      Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts. Defendant is registered in the State of Florida as a consumer collection agency, license number CCA0900382.

7.      Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined by the *FDCPA*.

8.      At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a debt Defendant purchased from Capital One Bank (USA) N.A. when the debt was in default. The debt was from a Capital One Bank (USA) N.A.  credit card that was not used for any commercial purpose.  The debt was incurred primarily for personal, household or family use.

10.      On or about December 16, 2016, Capital One Bank mailed, or caused to be mailed to Plaintiff, a letter stating that Plaintiff's debt "was acquired by Portfolio Recovery Associates, LLC, on or about December 15, 2016." (The "Assignment Letter" attached hereto as "Exhibit 1").

11.      On or about January 10, 2017, Defendant mailed, or caused to be mailed to Plaintiff, a letter stating it purchased Plaintiff's alleged debt. (The "Letter" is attached hereto as "Exhibit 2").

12.      The Letter states in part:

> The purpose of this letter is to advise you that PORTFOLIO RECOVERY ASSOCIATES, LLC purchased the account referenced above on 12/20/2016.

> xxxx

2

**Call our toll free number 1-800-772-1413 to discuss your account.**

(emphasis in original).

xxxx

PORTFOLIO RECOVERY ASSOCIATES, LLC purchased this account on 12/20/2016. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

xxxx

**This communication is from debt collector, but is not an attempt to collect a debt.**

(emphasis in original).

13.     The Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

14.     *15 U.S.C. §1692g(a)* states:

Validation of debts.

(a) Notice of debt; contents. Within five days after the initial communication with a consumer **in connection with the collection of any debt**, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

3

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

15.     *15 U.S.C. § 1692e(10-11)* states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

16.     *Section 559.715, Florida Statutes* states:

Assignment of consumer debts.—This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt.  However, the assignee must give the debtor written notice of

4

> such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

17.     Defendant's Letter is misleading and confusing as the Letter states Defendant is not attempting to collect a debt. However, the Letter also gives the Plaintiff the "Verification Notice" required by *15 U.S.C. § 1692g,* which, by statute, is only to be given to the consumer within 5 days of the initial communication *in connection with the collection of any debt.*

18.     The Letter states Defendant is not attempting to collect a debt, yet the Letter also instructs, in bold font, the Plaintiff call its toll free number to discuss Plaintiff's account. Defendant's statement that it is not attempting to collect a debt is overshadowed and contradicted by Defendant's instruction for Plaintiff to call to discuss the alleged debt, and by providing Plaintiff the validation notice only required within 5 days of an initial communication in an attempt to collect a debt.

19.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

20.     This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters were mailed, delivered or caused to be mailed or delivered by Defendant relating to debts purchased while in default from Capital One Bank (USA) N.A. (iii) that contained the Verification Notice required by *15 U.S.C. § 1692g(a)* and contained the language "**This communication is from a debt collector, but is not an attempt to collect a debt.**" (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi)

during the one year period prior to the filing of the original Complaint in this action through the date of certification.

21.     Plaintiff alleges on information and belief that Defendant's practice of mailing or causing to be mailed initial communication letters that included the verification notice required by *15 U.S.C. § 1692g(a)* and also contained the language "**This communication is from a debt collector, but is not an attempt to collect a debt.**" mailed to the Class in an attempt to collect on a debt purchased by Defendant from Capital One Bank (USA) N.A. while in default is so numerous that joinder of all members of the Class is impractical.

22.     There are questions of law or fact common to the Class.  The common issues predominate over any issues involving only individual Class members.  The common legal and factual issue to each Class member is that each was mailed or caused to be mailed an initial communication letter by Defendant relating to a debt purchased by Defendant from Capital One Bank (USA) N.A. while in default that included the verification notice required by *15 U.S.C. § 1692g(a)* and also contained the language "**This communication is from a debt collector, but is not an attempt to collect a debt.**"

23.     Plaintiff's claims are typical of those of the Class members.  All are based on the same facts and legal theories.

24.     Plaintiff will fairly and adequately protect the interests of the Class.  He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

25.     Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

6

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26.     Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

**COUNT I**
**VIOLATION OF *15 U.S.C. § 1692e(10)***

27.     Plaintiff re-alleges Paragraphs 1 through 19.

28.     Pursuant to *15 U.S.C. § 1692g(a)*, within 5 days of an initial communication in connection with the collection of a debt or within the initial communication, the Defendant must provide the Plaintiff with:

(a) Notice of debt; contents.

Within five days after the **initial communication with a consumer in connection with the collection of any debt**, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed**;**

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy

7

of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

29.     *15 U.S.C. § 1692e(10)* states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30.     Defendant mailed or caused to be mailed the Letter to Plaintiff that contained the verification notice required to be given to consumers in the initial communication or within 5 days thereof in connection with the collection of a debt.

31.     Defendant's Letter also states it "**is not an attempt to collect a debt.**" (emphasis in original).

32.     Defendant's Letter is misleading and confusing and therefore in violation of *15 U.S.C. § 1692e(10)* as it contains the verification notice which is only to be given in a communication in connection with the collection of a debt and contains contradictory language stating that Defendant is not attempting to collect a debt. Pursuant to the *FDCPA,* the verification notice is to be given only in the initial communication or within 5 days of the initial communication in connection with the collection of a debt between the debt collector and the consumer.

8

33.     Defendant's Letter is misleading and confusing and therefore in violation *15 U.S.C. § 1692e(10)*, as the statement that Defendant is not attempting to collect a debt is misleading and contradicted by its instruction that the Plaintiff call Defendant to discuss the alleged debt.

34.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k.*

35.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k.*

**COUNT II**
**VIOLATION OF *15 U.S.C. § 1692e(11)***

36.     Plaintiff re-alleges Paragraphs 1 through 19 and Paragraphs 27 through 33.

37.     Pursuant to *15 U.S.C. § 1692e(11)* the Defendant must disclose to the Plaintiff:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and that the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

38.     Defendant mailed or caused to be mailed the Letter to Plaintiff that acted as an initial communication with regard to the collection of a debt as Defendant included the verification notice required by *15 U.S.C. § 1692g(a)* in the Letter.

39.     The verification notice is to be given within 5 days after the initial communication with a consumer in connection with the collection of any debt or within the initial communication itself.

9

40.     Defendant's Letter is the initial communication between Defendant and the consumer Plaintiff.  Defendant has violated *15 U.S.C. § 1692e(11)* as Defendant did not include the disclosures required by *15 U.S.C. § 1692e(11)*, by stating "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose[.]"

41.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k.*

42.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k.*

## JURY DEMAND

Plaintiff requests a trial by jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a.  An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b.  An Order appointing Leo W. Desmond as Class Counsel;

c.  An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d.  An award of attorney's fees, litigation expenses and costs of the instant suit; and

    e.  Such other and further relief as the Court deems proper.

Dated: March 15, 2017

                    Respectfully submitted,

                    By:/s/ *Leo W. Desmond*
                    Leo W. Desmond, Esq.
                    DESMOND LAW FIRM, P.C.
                    Florida Bar No. 0041920
                    5070 Highway A1A
                    Suite D
                    Vero Beach, Florida 32963
                    Telephone: 772.231.9600
                    Facsimile: 772.231.0300
                    lwd@desmondlawfirm.com
                    *Attorney for Plaintiff*