UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80342-ROSENBERG/BRANNON

SERGIO MAXIMILIANO,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Sergio Maximiliano alleges a letter he was sent by Defendant Portfolio Recovery Associates, LLC violates the Fair Debt Collection Practices Act ("FDCPA"). The case is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint. DE 17. Plaintiff has filed a Response in Opposition and Defendant has filed a Reply. DE 23, 25. The motion is, therefore, ripe for ruling.

Plaintiff has Article III standing to sue for the alleged violations of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692e(11). However, the Court finds, as a matter of law, that the letter at issue is not "a communication in connection with the collection of a debt." Because Plaintiff has not pleaded a *prima facie* violation of the FDCPA, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's First Amended Class Action Complaint is hereby **DISMISSED WITH PREJUDICE**.

## I.     BACKGROUND

This is an action under the Fair Debt Collection Practices Act ("FDCPA"). On January 10, 2017, Defendant Portfolio Recovery Services sent Plaintiff Sergio Maximiliano a letter. In relevant part,[1] it read:

PORTFOLIO RECOVERY ASSOCIATES, LLC

**January 10, 2017**
**Account Number: 4862368809673981**
**SELLER: CAPITAL ONE BANK (USA) N.A.**
**ORIGINAL CREDITOR: CAPITAL ONE BANK (USA) N.A.**
**Current Creditor: PORTFOLIO RECOVERY ASSOCIATES, LLC**
                                                                                                                **Balance: $1,234.23**

The purpose of this letter is to advise you that PORTFOLIO RECOVERY ASSOCIATES, LLC purchased the account referenced above on 12/20/2016. If you have any questions concerning this account, please direct all future communications to us at the address below:

PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk, VA 23541

**Call our toll-free number 1-800-772-1413 to discuss your account**
Hours of Operation (EST): 8 AM to 11 PM Mon.-Fri., 8AM to 8PM Sat., 11AM to 10PM Sun.
**We're also available by e-mail** at help @portfoliorecovery.com.

PORTFOLIO RECOVERY ASSOCIATES, LLC

PORTFOLIO RECOVERY ASSOCIATES, LLC PURCHASED THIS ACCOUNT ON 12/20/2016. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify that office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This communication is from a debt collector, but is not an attempt to collect a debt.**

**Notice: See Reverse Side for Important Information**

---

[1] The Court has not included the text on the back of the letter, which is not cited by either party, in this Order.

2

Plaintiff brought suit on March 15, 2017, alleging the content of the letter violates two provisions of the FDCPA: 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692e(11). Both are subparts of 15 U.S.C. § 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Defendant moved to dismiss Plaintiff's Complaint with prejudice on April 21, 2017. DE 14. Plaintiff rendered the motion moot by filing the First Amended Complaint on May 2, 2017. DE 16. Defendant is now moving to dismiss the First Amended Complaint with prejudice. *See* DE 17. For the reasons discussed below, Defendant is entitled to the relief it seeks.

## II.     LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth."

*Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Finally, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

### III. ANALYSIS

#### a. Whether Plaintiff has Article III Standing.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Article III confines federal jurisdiction to "cases and controversies." U.S. Const. Art. III. The doctrine of standing aids federal courts in determining whether a particular case is "of the justiciable sort referred to in Article III" by distinguishing "those disputes which are appropriately resolved through the judicial process" from those which are not. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation and citation omitted). Because the doctrine "stems directly from Article III's 'case or controversy' requirement," it goes directly to subject matter jurisdiction. *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir. 2003) (citing *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000)).

Plaintiff bears the burden of establishing the three elements comprising the "irreducible constitutional minimum of standing." *Id.* First, Plaintiff must establish an injury-in-fact. The injury-in-fact must be "concrete and particularized" as well as "actual or imminent" (as opposed to being "conjectural or hypothetical"). *Id.* (internal citations and quotation omitted). To satisfy this requirement, Plaintiff must "present 'specific, concrete facts' showing that the challenged

conduct will result in a 'demonstrable, particularized injury' to the plaintiff." *Miccosukee Indian Tribes of Fla. v. Fla. Stat Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1204 (11th Cir. 1991)). In *Spokeo, Inc. v. Robins*, 136 S.Ct. 1450, 1549 (2016), the Supreme Court clarified that the injury-in-fact requirement is not automatically satisfied whenever Congress confers a statutory right and authorizes suit as a means of vindication. "[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing." *Id.* (quoting *Summers v. Earth Island Institute*, 555 U.S. 488, 497 (2009)). Defendant argues, citing *Spokeo*, that Plaintiff has not pleaded an injury-in-fact. The Court disagrees.

The Court turns, first, to the alleged violation of 15 U.S.C. § 1692e(11). Certain disclosures must be included in an initial communication from a debt collector, or within five days of such communication. *See* 15 U.S.C. § 1692e(11). Specifically: "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." *Id.* Plaintiff alleges the letter sent by Defendant did not include the disclosures required under § 1692e(11), in violation of the FDCPA. As the Eleventh Circuit has found, the right to receive those disclosures is substantive—it is not the sort of "bare procedural violation" incapable of supporting Article III standing. *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 994 n.2 (11th Cir. 2016) (citing *Spokeo*, 136 S.Ct. at 1550). Therefore, Plaintiff has standing to sue for a violation of § 1692e(11).

The FDCPA also prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information from a consumer." 15 U.S.C. § 1692e(10). Plaintiff alleges the letter is misleading in violation of the FDCPA because it includes certain disclosures required thereunder, but also states the letter is not an attempt to collect a

5

debt. The Eleventh Circuit has not addressed whether violating this provision inflicts an injury-in-fact sufficient to support standing. However, Judge Bloom addressed the issue in *Michael v. HOVG, LLC*, 232 F. Supp. 3d 1229 (S.D. Fla. Jan. 10, 2017), concluding the injury-in-fact requirement was met because "nothing in *Church* indicates that the Eleventh Circuit would determine otherwise if the rights at issue . . . concerned a violation of a debtor's right to be free from 'false representations or deceptive means.'" This Court agrees. The violation alleged is not merely procedural; instead, it goes directly to the substance of the disclosure. Accordingly, it is no less substantive than a violation of § 1692e(11). Plaintiff has standing to sue for a violation of § 1692e(10).

### b.  Whether Plaintiff Pleaded a *Prima Facie* FDCPA Violation.

"[T]o prevail on an FDCPA claim, Plaintiff must establish that: (1) Plaintiff was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a 'debt collector' under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla. 2011) (citing *Wise v. Cach*, 2010 WL 1257665, at *2 (S.D. Fla. Mar. 26, 2010)).

The question before the Court is whether Plaintiff has pleaded the first element—a nexus to debt collection activity. "The FDCPA does not explain what is meant by 'in connection with the collection of any debt,' and the Eleventh Circuit has not established a bright-line rule . . . ." *Dyer v. Select Portfolio Servicing, Inc.*, 108 F. Supp. 2d 1278, 1280 (M.D. Fla. June 4, 2015). Instead, the Court must determine, by examining the letter as a whole, whether debt collection is the animating purpose of the correspondence. Relevant features include "the language of the letters in question, specifically [] statements that demand payment, discuss additional fees if payment is not tendered, and disclose that the [] firm was attempting to collect a debt and was

6

acting as a debt collector." *Pinson v. Albertelli Law Partners, LLC*, 618 F. App'x 551, 553 (11th Cir. 2015). Importantly, a demand for payment need not be express—it may also be implied. *Id.*

Whether a communication's animating purpose is inducing a debtor to pay is determined through the eyes of the "least sophisticated consumer." *Mueller v. Midland Funding, LLC*, Case No. 14-cv-8117, 2015 WL 2412361, at *4 (S.D. Fla. May 20, 2015). "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). The standard recognizes the FDCPA was enacted to "grant consumers *more* protection" than previously existed; however "the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.*

Comparison to other letters assessed by courts in this district is instructive. In *Parker v. Midland Credit Mgmt*, 874 F. Supp. 2d 1353 (M.D. Fla. June 15, 2012), the district court concluded as a matter of law that the letter at issue was merely informational. The letter's stated purpose was informing plaintiff the account had been assigned to defendant. It also stated, explicitly: "this is not an attempt to collect a debt." The fact that the balance of the debt was stated in the letter did not alter the Court's conclusion because neither terms of payment nor payment deadlines were included.

The letter at issue here is, in many respects, similar. It does not demand payment, discuss additional fees if payment is not tendered or disclose that the letter is an attempt to collect a debt. Rather, it states: "the purpose of this letter is to advise you that PORTFOLIO RECOVERY ASSOCIATES, LLC purchased the account referenced above on 12/20/2016." DE 16-2. It then

provides an address, requesting that "all future communications" be directed there along with "any questions" about the account. *Id.* Beneath the address, the letter lists a toll free number, hours of operation, and an e-mail address. *Id.* The heading lists the Account Number, Account Seller, Original Creditor, Current Creditor and the Account Balance. *Id.* However, as in *Parker*, the account balance is unaccompanied by any terms of payment or payment deadlines. *Id.* Instead the letter states, in bold: "**This communication is from a debt collector, but is not an attempt to collect a debt.**" *Id.*

Plaintiff emphasizes the line listing Defendant's toll-free number: "Call our toll free number at 1-800-772-1413 to discuss your account." DE 16-2. Plaintiff reads this language as a "demand for a telephone call." DE 23 at 16. The Court does not agree. The sentence at issue follows an invitation to write with "any questions concerning this account . . ." DE 16-2. Beneath it, the letter provides an e-mail address as an alternative avenue for contact, stating: "We're also available by e-mail at help@portfoliorecovery services.com." *Id.* Read in context, the sentence at issue provides an alternate means for contacting Defendant with any questions.

It is also worth noting that, even assuming the sentence is most fairly read as a demand, Defendant is demanding a phone call to "discuss" the account. Plaintiff does not explain how a demand for a phone call would induce the recipient (implicitly or explicitly) to remit payment. The contrast with *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299 (11th Cir. 2014), in which the Eleventh Circuit concluded the letter at issue did implicitly demand payment, is stark. In *Caceres*, the letter "state[d] the amount of the debt, describe[d] payment by the debtor in certified funds, [gave] the phone number and address of the [] firm to which payment was obviously contemplated, and expressly [stated] that the letter [was] for the purpose of collecting a debt." Here, the letter states the amount of the debt and provides Defendant's contact

information. However, it does not describe payment and expressly states that the letter is *not* an attempt to collect a debt.

Unlike the letter analyzed in *Parker*, the letter at issue here also includes the following language:

> PORTFOLIO RECOVERY ASSOCIATES, LLC PURCHASED THIS ACCOUNT ON 12/20/2016. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify that office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This paragraph provides disclosures required under § 1692g of the FDCPA. Plaintiff argues strenuously that the provision of these disclosures compels the conclusion that the letter was sent in connection with the collection of a debt. Not so. In *Helman v. Udren Law Offices P.C.*, 85 F. Supp. 3d 1319, 1324 (S.D. Fla. Dec. 18, 2014) this Court concluded a letter was not sent in connection with the collection of a debt despite the fact that it included (as an enclosure) a notice that stated that the debt would be assumed valid after a period of time—one of the disclosures required under § 1692g. Here too, the Court finds the addition of the above language does not suffice to transform an otherwise informational letter into a letter sent in connection with the collection of a debt.

### IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. This case is hereby **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED AS MOOT**, all hearings **CANCELLED**, and all deadlines **TERMINATED**. The Clerk of Court is directed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 4th day of August, 2017.

Copies furnished to:  
Counsel of Record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE